**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM BURCH,<br><br>　　　　　Plaintiff(s),<br>　v.<br>ABN AMRO MORTGAGE GROUP, INC.,<br>et. al.,<br><br>　　　　　Defendant(s). | CASE NO. 5:11-cv-03485 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>[Docket Item No(s). 19, 27] |

Presently before the court are two matters: (1) Defendant Pleasanton Valley Mortgage's ("Pleasanton") submitted Motion to Dismiss the First Amended Complaint ("FAC") (see Docket Item No. 19) , and (2) Plaintiff William Burch's Motion to Remand this action to the Superior Court. See Docket Item No. 27). The court finds the Motion to Remand appropriate for decision without oral argument pursuant to Local Rule 7-1(b). The hearing and Case Management Conference scheduled for November 4, 2011, are therefore vacated. As discussed below, Plaintiff's Motion to Remand will be granted, rendering moot Pleasanton's Motion to Dismiss.

### I.   BACKGROUND

Plaintiff originally filed his Complaint in the Superior Court of California, County of Santa Clara, on June 7, 2011. See Not. of Removal, Docket Item No. 1, at ¶ 2. On July 15, 2011, Defendant CitiMortgage, Inc. ("CitiMortgage") removed this action to federal court as the

1

CASE NO. 5:11-cv-03485 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

1  Complaint presented a federal question in the form of a claim under the Real Estate Settlement
2  Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et. seq. See id., at ¶ 4.

3  Once here, CitiMortgage filed a Motion to Dismiss the complaint on July 22, 2011. See
4  Docket Item No. 3. However, before CitiMortgage's motion could be heard, Plaintiff filed a First
5  Amended Complaint ("FAC") on August 5, 2011, which eliminated the previously-asserted RESPA
6  claim and left only state-law causes of action. See Docket Item No. 12. CitiMortgage then filed a
7  separate Motion to Dismiss the FAC. See Docket Item No. 18. That motion is currently scheduled
8  for hearing on February 10, 2012.

9  For its part, Defendant Pleasanton Valley Mortgage also filed a Motion to Dismiss the FAC
10 (see Docket Item No. 19), which the court submitted for decision on October 11, 2011. See Docket
11 Item No. 45. The court has not yet ruled on that motion in anticipation of the current Motion to
12 Remand.

### II.  DISCUSSION

14 At issue is whether this action should be remanded to the Superior Court because the FAC no
15 longer presents a federal question under 28 U.S.C. § 1331.

16 An examination of jurisdictional principles is required. Only those state court actions that
17 could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as
18 otherwise expressly provided by Act of Congress, any civil action brought in a State court of which
19 the district courts of the United States have original jurisdiction, may be removed by the
20 defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court
21 actions that originally could have been filed in federal court may be removed to federal court by
22 defendant."). Accordingly, the removal statute provides two basic ways in which a state court action
23 may be removed to federal court: (1) the case presents a federal question, or (2) the case is between
24 citizens of different states. 28 U.S.C. §§ 1441(a), (b). It falls upon the defendant to show the basis
25 for federal jurisdiction. Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir.
26 1990). The complaint as it existed at time of removal dictates whether removal jurisdiction is
27 proper. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).
28

1    But the statutes allowing for removal jurisdiction are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Any doubt as to removability are resolved in favor of remanding the case to state court. Shamrock, 313 U.S. at 108-109.

Generally, post-removal amendments cannot be utilized to destroy federal question jurisdiction once it has attached. Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). "Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause[s] of action pleaded." Southern Pac. Co. v. Haight, 126 F.2d 900, 903 (9th Cir. 1942). Thus, a plaintiff may not completely dissolve federal jurisdiction and compel remand by tactically amending a complaint to eliminate a federal question. See Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006); see also Sparta Surgical Corp., 159 F.3d at 1213.

Whether to exercise supplemental jurisdiction over remaining pendent state law claims is a matter of discretion. Nishimoto, 903 F.2d at 715. Under 28 U.S.C. § 1367(c)(2), the district court may decline to exercise jurisdiction and remand an action after weighing certain factors, such as the stage of the litigation, the values of judicial economy, convenience, fairness, and comity. Id. (citing Carnegie-Mellon University v. Cohill, 484 U.S. 343, 349-50 (1988)). "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." Id.

Here, as indicated above, the original Complaint alleged a violation of RESPA which provided a basis for subject matter jurisdiction in this court under 28 U.S.C. § 1331. The currently-operative pleading in the form of the FAC does not contain federal claims. In fact, Plaintiff's eight causes of action now arise from state statutory or common law claims. While the timing and effect of the amendment are certainly suspicious, there is no clear evidence that Plaintiff removed his federal claim solely to divest the Court of its subject matter jurisdiction. Moreover, considering this

3
CASE NO. 5:11-cv-03485 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

1  matter is in the early stages of litigation and this court has no specialized familiarity with this
2  particular case or the state-law issues raised, the Court finds this action should be remanded to the
3  state court.  See 28 U.S.C. § 1367(c)(2).  Plaintiff's Motion to Remand will therefore be granted.[1]

### III.   ORDER

Based on the foregoing, the hearing and Case Management Conference scheduled for November 4, 2011, are VACATED.

Plaintiff's Motion to Remand (Docket Item No. 27) is GRANTED.  Pleasanton's Motion to Dismiss is (Docket Item No. 19) is DENIED AS MOOT.  The Clerk shall immediately remand this case to the Superior Court of the State of California, County of Santa Clara, and close this file.

**IT IS SO ORDERED.**

Dated:  October 31, 2011



EDWARD J. DAVILA
United States District Judge

---

[1] Although CitiMortgage argues otherwise, diversity jurisdiction cannot be found here. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).